IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RX.COM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-4148 |
| | § | |
| CATHY STEWARD HRUSKA and | § | |
| LARRY HRUSKA, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Plaintiff's Application for Preliminary Injunction (Document No. 5).  Having considered the motion, submissions, applicable law, and evidence presented by both parties at a hearing on January 5, 2006, the Court determines the motion should be granted in part and denied in part.

## BACKGROUND

Rx.com brings this application for preliminary injunction seeking to prevent its former employee, Cathy Steward-Hruska ("Steward-Hruska"), from disclosing certain information she obtained during her employment with Rx.com from March 1999 through May 2001.  Plaintiff asserts that Steward-Hruska is voluntarily disclosing certain confidential information to defendants in litigation currently pending in the United States District Court for the Eastern District of Texas wherein Rx.com asserts

antitrust claims against three Pharmacy Benefit Managers ("Eastern District Defendants").[1] Rx.com alleges that the information Hruska has thus far provided to the Eastern District Defendants violates the terms of a confidentiality agreement Steward-Hruska signed prior to commencing her employment with Rx.com.

The confidentiality agreement, which was submitted into evidence at the preliminary injunction hearing, provides that Steward-Hruska agrees not to disclose certain medical and prescription information, Rx.com's confidential and proprietary information, and agrees to return certain information to Rx.com upon leaving the company.  The agreement survives termination of the employment relationship.  When Rx.com learned of Steward-Hruska's cooperation with the Eastern District Defendants, it filed the instant lawsuit claiming Steward-Hruska's cooperation violates the terms of the agreement.  Rx.com asserts claims against Steward-Hruska and her husband Larry Hruska[2] for breach of contract, misappropriation, breach of fiduciary duty, conversion, and civil theft.

At the preliminary injunction hearing on January 5, 2006, the Court heard the

---

[1] The Court notes the exact scope of the materials disclosed is unclear.  The documents Steward-Hruska disclosed to the Eastern District Defendants are sealed by a protective order currently in place in the Eastern District.

[2] Although Larry Hruska was sued in the instant action, it is clear that the action is directed at Steward-Hruska. Plaintiff failed to demonstrate how Larry Hruska has disclosed or intends to disclose confidential information.

oral argument by counsel and testimony of witnesses presented by Plaintiff.  Both parties relate essentially the same set of pertinent facts.  Central to this lawsuit is a compact disk containing Steward-Hruska's email communications.  Before she left her employment with Rx.com in 2001, Steward-Hruska had this information transferred to a compact disk, which she still has in her possession.  Steward-Hruska represents that after leaving Rx.com she did not access the materials on the disk until she was contacted by the Eastern District Defendants.  It appears that Steward-Hruska, who is not a party to the Eastern District litigation, produced copies of certain documents from the disk that she felt were responsive to a subpoena issued by the parties in that lawsuit.[3]

Steward-Hruska represents that she has not received any financial benefit from disclosing the information, she has not disclosed this information to any individual or entity not involved in the Eastern District litigation, and she has redacted all patient information from any communications produced.[4]

---

[3] It is unclear whether Steward-Hruska received a valid subpoena.

[4] The Court notes it appears Steward-Hruska produced only a portion of the documentation contained on the compact disk.  Indeed, it is unclear exactly what the disk contains and whether all, part, or any of the materials thereon are within the scope of the confidentiality agreement.

<u>LAW AND ANALYSIS</u>

To obtain a preliminary injunction, Rx.com must establish: (1) a substantial likelihood of success on the merits; (2) a substantial threat it will suffer irreparable injury absent the injunction; (3) that the threatened injury outweighs any harm the injunction might cause Defendants; and (4) the injunction will not impair the public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000).

As part of the injunctive relief sought, Plaintiff asks that Steward-Hruska be required to return any documents and electronic media in her possession relating to her employment with Rx.com that she took with her upon leaving the company.[5]  It further asks that she not be permitted to keep any copies of these materials.  Moreover, Rx.com asks that Steward-Hruska be ordered not to alter or destroy any of these materials.  In addition, Plaintiff asks Defendants be required to provide an accounting of where and to whom these materials have been disclosed.  Further, it requests that Steward-Hruska be directed not to further disclose these materials to any individual or entity other than Rx.com unless directed by court order or court subpoena issued by a court of competent jurisdiction.  Finally, Rx.com asks that Steward-Hruska not be

---

[5]Rx.com indicates it has no copies of the materials contained on the compact disk in Steward-Hruska's possession, and that it does not know exactly what the disk contains.

4

permitted to cooperate or volunteer information in the Eastern District litigation without first receiving a valid court order or court subpoena from a court of competent jurisdiction.

In response, Steward-Hruska does not oppose giving Rx.com the original compact disk or the copies of materials she printed from the disk. Moreover, she does not object to providing an accounting of the individuals and entities to whom she has disclosed the information on the disk. She further agrees not to modify or delete any of these materials. Furthermore, Steward-Hruska does not oppose an order directing her not to disclose any of these materials to any individual or entity absent a valid court order or court subpoena from a court of competent jurisdiction. Therefore, the Court grants Rx.com's request for a preliminary injunction in these areas.

However, Steward-Hruska does oppose some of the additional injunctive relief sought by Rx.com. For example, she opposes any injunction that would prevent her from keeping a copy of the compact disk. She further opposes any order that would prohibit her from communicating with any party in the Eastern District litigation without a court order permitting her to do so. After examining the evidence presented at the hearing and taking into account the injunctive relief previously noted, the Court agrees that Plaintiff's request that Steward-Hruska not be permitted to retain a copy of the compact disk and its request that Steward-Hruska not be permitted to communicate

5

with parties in the Eastern District litigation should be denied.

With regard to Plaintiff's request that Steward-Hruska not be permitted to retain a copy of the compact disk she retained after leaving Rx.com, Plaintiff failed to demonstrate a substantial threat it will suffer irreparable injury absent the injunction. Steward-Hruska has only previously disclosed the information contained on the compact disk in connection with a subpoena directing her to do so.  She further indicated the information was disclosed only in connection with the Eastern District litigation.   Given the previously-discussed rulings requiring that information in possession of Steward-Hruska be disclosed only pursuant to a valid court order or subpoena, there is little risk of harm to Rx.com in allowing Steward-Hruska keep a copy of the disk at this stage in the litigation.[6]

With respect to Plaintiff's request that Steward-Hruska be prohibited to cooperating with participants in the Eastern District litigation without a court order or court subpoena, the Court determines such an order would impair the public interest. It would directly restrict the activities in the Eastern District litigation.  This Court cannot conclude that issuing an order preventing a potential witness from engaging an

---

[6] The Court notes that it may ultimately be determined that Steward-Hruska is in possession of materials she is not entitled to possess under the terms of the confidentiality agreement.  However, given the scope of the injunction being issued, and the fact that it is unclear what information is contained on the disk, the Court finds no basis, at this time, for prohibiting Steward-Hruska from retaining a copy of the disk.

activities that will affect litigation in another district is in the public interest.  Moreover,

Plaintiff fails to demonstrate how there is a substantial likelihood of irreparable harm

if Steward-Hruska cooperates in the Eastern District litigation without a court order.[7]

Accordingly, the Court will not restrain Steward-Hruska's communications with parties

in the Eastern District litigation.  Given the foregoing, the Court hereby

ORDERS that Defendants shall return all Rx.com documents, equipment,

materials, or information in their possession, if any, including, without limitation,

confidential or proprietary information referenced in Cathy Steward-Hruska's

November 17, 2005, deposition to Rx.com within seven (7) days of the entry of this

Order.  Steward-Hruska shall also turn over to Rx.com the previously-discussed

compact disk currently in Steward-Hruska's possession that contains information from

Rx.com during the course of her employment with the company.  However, Steward-

Hruska shall be permitted to retain a copy of the compact disk, subject to the

limitations set forth *infra* and *supra*.  The Court further

ORDERS that Defendants shall not delete or otherwise alter or modify any of

the documents, equipment, materials, or information that must be returned to Rx.com

under the terms of this Order.  The Court further

---

[7]It should be noted that, as Plaintiff recognized, Steward-Hruska's communications with parties in the Eastern District litigation that violate the confidentiality agreement could subject her to damages in this lawsuit.

7

ORDERS that Defendants shall provide to Plaintiff an accounting that includes the location and description of any documents related to Rx.com obtained as a result of Defendants' employment with Rx.com that have been reproduced, copied, or deleted or destroyed in any manner.  For any document that has been reproduced or copied, Defendants will provide the names of any individual or entity with whom they communicated, shared, or provided the copied document.  The Court further

ORDERS that Defendants shall not divulge, share, or otherwise communicate the information contained in any documents, equipment, materials, or compact disk covered under the terms of this Order to any individual or entity, except Rx.com, without a valid court order or court subpoena directing them to do so.  The Court further

ORDERS that Rx.com shall immediately post security in the amount of $500 in accordance with Federal Rule of Civil Procedure 65(c).  The Court further

ORDERS that all relief not granted herein is DENIED.

SIGNED at Houston, Texas, on this 9th day of January, 2006.

_____

DAVID HITTNER

United States District Judge

8