# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| Rx.com,<br>　　　　*Plaintiff*, | §<br>§<br>§ | |
| vs. | § | Civil Action H-05-4148 |
| | § | |
| Cathy Steward Hruska,<br>　　　　*Defendant*. | §<br>§<br>§ | |

## Memorandum and Order

Before the court is plaintiff Rx.com's motion (Dkt. 80) for the court to reconsider and vacate its summary judgment in favor of defendant Cathy Steward Hruska issued September 7, 2006. This motion was filed on September 29, 2006. While Rx.com does not invoke a particular rule of civil procedure and mistakenly suggests that none applies, the motion must be denied either as untimely if construed under Federal Rule of Civil Procedure 59(e) or denied as moot under Rule 60(b)(6) because Rx.com has subsequently filed a notice of appeal.

## Analysis

### 1.     Timeliness under Rule 59(e)

Federal Rule of Civil Procedure 59(e) allows a party to file a motion to alter or amend judgment within ten days after entry of judgment. Rule 59(e) has been interpreted as covering motions to vacate judgments, in addition to motions to modify or amend. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 181) (1962)). Because Rx.com filed its motion more than ten days after the entry of judgment against it, the motion is untimely under Rule 59(e).

**2.      Jurisdiction under Rule 60(b)**

Because Rx.com's motion is untimely under Rule 59(e), it must be analyzed under Rule 60(b).  *See Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998), *cert. denied*, 526 U.S. 1005 (1999); *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993); *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir. 1986), *cert. denied*, 479 U.S. 930 (1986).  Under Rule 60(b)(6), a court may relieve a party from a final judgment  for "any other reason justifying relief from the operation of the judgment" based on a motion made within a reasonable time.

If a notice of appeal is filed however, the court "no longer has jurisdiction to *grant* such a [Rule 60(b)] motion."  *Shepherd v. International Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004) (emphasis in original); *Winchester v. United States Attorney for the S. Dist. of Texas*, 68 F.3d 947, 948-49 (5th Cir. 1995).  Nevertheless, the court retains jurisdiction to deny a Rule 60(b) motion.  *See Winchester*, 68 F.3d at 949.

**3.      Recusal**

The court will address one of the grounds Rx.com raises in its motion to reconsider and vacate—namely, that this court should recuse itself under 28 U.S.C. § 455(b)(2) due to the undersigned's former association with the law firm of Fulbright & Jaworski, L.L.P.  Rx.com asserts, for the first time after a final judgment has been entered against it, that this former professional relationship raises an "awkward problem" for two reasons: (1) because Fulbright attorneys took steps to maintain and preserve the confidentiality of Rx.com's electronic data during its representation of non-party Alliance Unichem in another suit involving Rx.com; and (2) because Fulbright represented

2

Rx.com in 1999 and 2000 in "certain litigation matters" and therefore had a confidential relationship with Rx.com as a former client.

Title 28 U.S.C. § 455(b)(2) declares that any judge shall disqualify himself

Where in private practice he served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it.

Rx.com does not attempt to clarify, much less state, which of the three prohibitions of section 455(b)(2) it maintains applies here.  After thoroughly reviewing the matter, it is clear that none do. The undersigned did not personally serve as a lawyer in the matter in controversy (no matter how broadly "matter in controversy" might be construed);[1] no Fulbright lawyer is or has been involved in this matter in controversy; nor is there any suggestion that the undersigned or any Fulbright attorney is a material witness in this matter.  In *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982), *cert. denied*, 464 U.S. 814 (1983), the Fifth Circuit stated that where the trial judge once represented a client in an unrelated matter, this did not forever prevent him from sitting in a case under section 455(b)(2) in which the client was a party.  The undersigned's relationship to either Rx.com or Alliance in this case is far more removed than that in *Chitimacha*. The undersigned never personally represented Rx.com or Alliance, nor had any involvement in Fulbright's former representation of either entity.

The court further notes that Alliance was not a party in this case and its only connection to this present matter is remote at best.  Nor did the plaintiff list Alliance as an interested party in this

---

[1] For a general discussion on how courts have construed the phrase "matter in controversy" as it is used in section 455(b)(2), see *Blue Cross & Blue Shield of Rhode Island v. Delta Dental of Rhode Island*, 248 F. Supp. 2d 39 (D.R.I. 2003).

litigation.[2]  And the vague wording "certain litigation matters" appears purposely obfuscatory and is less than helpful in aiding this court in determining the merits of the recusal request.

But what is troubling about this request is not so much that it is clearly off-base, but rather its timing.  Rx.com claims that it "now realizes" that the undersigned was a partner with Fulbright during that law firm's representation of Alliance and its representation of Rx.com in 1999 and 2000.[3]

If a recusal request is not made until after a final judgment is issued, and especially after a final judgment has been issued against the party making the request, such action is suspect.  The Fifth Circuit as well as other courts of appeal have recognized that waiting until after an adverse ruling to seek recusal is subject to being misused as an unscrupulous litigation ploy by a dissatisfied litigant.  *See, e.g., United States v. Sanford*, 157 F.3d 987, 988-89 (5th Cir. 1998) ("The most egregious delay—the closest thing to *per se* untimeliness—occurs when a party already knows the facts purportedly showing an appearance of impropriety but waits until after an adverse decision has been made by the judge before raising the issue of recusal"); *Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 38 F.3d 1404, 1410 n.8 (5th Cir. 1994) ("parties may abuse § 455 for a dilatory and litigious purpose based on little or no substantiated basis").[4]

The court assumes the recusal request in this case was not sought for such reasons.  But in the future any such motions must be brought as soon as possible.  While there may not be a *per se* timeliness rule with respect to section 455(b), the importance of a timely filed motion for recusal has

---

[2]      *See* Dkt. 11.

[3]      Dkt. 80.  (In May 2000, Joseph Rosson filed a derivative action against Rx.com, Alliance UniChem, and Cathy Steward Hruska in Travis County, Texas).

[4]      While *Sanford* and *Travelers* dealt specifically with section 455(a), the same considerations apply to section 455(b).  *See United States v. York*, 888 F.2d 1050, 1053-56 (5th Cir. 1989).

been repeatedly stressed in order to avoid the use of such a motion for improper strategic purposes. *See, e.g., Sanford*, 157 F.3d at 988-89; *Travelers Ins.*, 38 F.3d at 1410 ("for obvious reasons—one seeking disqualification must do so at the earliest moment after knowledge of the facts demonstrating the basis for such disqualification"); *United States v. York*, 888 F.2d 1050, 1053-56 (5th Cir. 1989).

This is simply good practice. When recusal is sought in the early stages of litigation, few if any problems arise. If recusal is warranted, the court simply issues a routine order to the Clerk of Court to reassign the matter. A random case is then assigned in its place. Neither the time nor the resources of the court or the parties is particularly impacted. More importantly, the public fisc is not unnecessarily squandered by having one court preside over a matter, only to be reassigned to another after significant time and effort has been expended and a dispositive order issued, thereby negatively impacting the docket of two judges and slowing the prompt resolution of all cases.

Most conflicts of interest are handled by the Clerk of Court before being assigned to a particular judge and done so without the knowledge or involvement of any judges of this court. After a case has been assigned to this court, the undersigned undertakes its own review for potential conflicts by reviewing the attorneys and parties listed on the docket sheet. The undersigned further reviews for conflicts when the certificate of interested parties is later filed in an action. Beyond this, however, it is imperative that counsel, who especially in the early stages of litigation should be more familiar with the facts and parties involved in a given dispute, bring to the court's attention any possible conflict or recusal issues at the earliest opportunity. The court trusts that counsel will make every effort to do this in the future.

5

## CONCLUSION

Plaintiff Rx.com's motion to reconsider and vacate is DENIED as moot.

Signed on October 20, 2006, at Houston, Texas.

_____
Gray H. Miller
United States District Judge