# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| RX.COM, | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-05-4148 |
| | § | |
| CATHY STEWARD HRUSKA, | § | |
| *Defendant*. | § | |

## MEMORANDUM AND ORDER

Before the court is defendant Cathy Steward Hruska's motion requesting attorneys' fees (Dkt. 77) in the amount of $201,883.00 for litigation expenses incurred through October 2006, and seeking an additional $70,000.00 to litigate plaintiff Rx.com's appeal to the Fifth Circuit, and a further $52,500.00 should there be an appeal to the United States Supreme Court.[1]  Hruska also seeks to recover costs totaling $2,868.45 (Dkt. 78).  Because Hruska's motions are well-founded, both are GRANTED in part.

## BACKGROUND

On September 7, 2006, the court granted judgment in favor of Hruska on all claims brought against her by plaintiff Rx.com.[2]  Rx.com asserted five causes of action against Hruska: (1) breach of contract; (2) misappropriation of confidential information; (3) breach of fiduciary duty; (4) conversion; and (5) a claim based on the Texas Theft Liability Act.[3]  The court found that each of these claims failed as a matter of law, primarily because Rx.com was unable to provide any evidence of a material fact that the information at issue was confidential or that it suffered any damages.

---

[1]    *See* Dkt. 87, p. 10.

[2]    *See* Dkt. 76.

[3]    *See* Dkt. 28, Ex. 2, ¶¶ 18-43.

Because the present motion is not a summary judgment motion, the court is not constrained to view the evidence in the light most favorable to Rx.com or to draw all inferences in its favor. In this Memorandum and Order, the court will offer a frank assessment of the history of this case because anything less than a bluntly-worded review would fail to fully capture the character of Rx.com's behavior in this litigation.

In October 2004, Rx.com brought anti-trust claims against three Pharmacy Benefit Managers (PBMs) in the Texarkana Division of the United States District Court for the Eastern District of Texas.[4] In that action, Rx.com alleges the PBMs unlawfully refused to deal with Rx.com, causing Rx.com to go out of business in May 2001. In January 2005, Rx.com was revived "[f]or the purpose of bringing this litigation [the Texarkana case] against the PBMs and other – other claims that Rx.com may have in its corpus."[5] Rx.com has made no attempt to revive itself as an actual business.

In April 2005, Hruska, a former employee of Rx.com, was contacted by attorneys for one of the PBMs named Caremark. While employed by Rx.com, Hruska negotiated on Rx.com's behalf with the PBMs to gain access to their mail-order pharmacy customers. Attorneys for Caremark called Hruska seeking her recollection of the negotiations she had with a predecessor to Caremark (PCS), and about the contract between PCS and Rx.com. Subsequently, Hruska received a subpoena ordering her to produce documents and to provide deposition testimony about the negotiations. Hruska produced copies of documents she felt were responsive to the subpoena issued by the PBMs.

Rx.com received notice that Hruska would be deposed in the Texarkana litigation at least two weeks before the deposition was scheduled. Rx.com never objected to the subpoena, nor did it seek

---

[4]     *Rx.com, Inc. v. Medco Health Solutions, Inc., et al.*, 5:04-cv-0227.

[5]     Dkt. 54, Ex. B (Tr. of J. Rosson Dep. dated May 24, 2006, at 72:21-73:12).

to quash it.  It also apparently did not request a protective order regarding Hruska's testimony.
Counsel for Rx.com appeared at the deposition and questioned Hruska.  Hruska testified that PCS
had done business with Rx.com and that in fact the parties had a contract.  Caremark already knew
this, and, as the successor to PCS, it had a copy of the contract between Rx.com and PCS.
Nevertheless, approximately two weeks after her deposition in the Texarkana lawsuit, Rx.com filed
this action against Hruska alleging that she breached her confidentiality agreement with it.  One or
more of the PBMs in the Texarkana lawsuit is reimbursing Hruska's legal expenses in this suit.

In short, Rx.com is suing the PBMs, including Caremark, in the Texarkana lawsuit for
alleged anti-trust violations, claiming that the PBMs refused to enter into contracts with Rx.com.
Hruska, who had no prior involvement with that litigation, told Caremark's attorneys, after being
contacted by them, that she believed that Rx.com in fact had a contract with PCS, and that Rx.com
and PCS had done business under that contract.  She testified to the same facts during her deposition.
The timing and circumstances of this case suggest that Rx.com, displeased with Hruska's testimony
undermining its anti-trust claims, brought this suit against Hruska in either a misguided attempt to
vindicate itself in this forum, or to pressure Hruska into changing her testimony.

LEGAL STANDARDS

1.     **Attorneys' Fees**

Despite the entry of final judgment, a district court retains jurisdiction to determine attorneys'
fees.  *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202-03 (1988); *United Indus., Inc. v.
Simon-Hartley, Ltd.*, 91 F.3d 762, 764 (5th Cir. 1996); *see also Moody Nat'l Bank of Galveston v.
GE Life & Annuity Assurance Co.*, 383 F.3d 249, 253 (5th Cir. 2004), *cert. denied*, 543 U.S. 1055
(2005) (a motion for attorneys' fees is considered a collateral motion).  A party seeking attorneys'

3

fees must normally file a motion no later than fourteen days after entry of judgment, specifying the grounds entitling the moving party to the award of such fees and stating the amount or a fair estimate of the amount sought.  *See* FED. R. CIV. P. 54(d)(2).  In addition, a party must generally put its adversary on notice that attorneys' fees are at issue in a timely fashion or waive that claim, which is generally done by specifically pleading for attorneys' fees in the complaint.  *See United Indus.*, 91 F.3d at 764-65.

Under the traditional "American Rule," each side bears the costs of its own attorney, unless a statute or contract provides otherwise.  *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975); *Camacho v. Texas Workforce Comm'n*, 445 F.3d 407, 412 (5th Cir. 2006), *cert. denied*, — S. Ct. — (2006).  In a case premised on diversity jurisdiction, state law governs the award of attorneys' fees.  *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) ("State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision"); *Atchison, Topeka & Santa Fe Ry. Co. v. Sherwin-Williams Co.*, 963 F.2d 746, 751 (5th Cir. 1992).  Under certain statutes, Texas allows for the recovery of attorneys' fees.  Relevant to this dispute is the Texas Theft Liability Act (TTLA), which provides for reasonable and necessary attorneys' fees to the prevailing party.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 134.005(b) (Vernon 2005).  The reasonableness of attorneys' fees is determined in reference to the eight factors identified by the Texas Supreme Court in *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997), namely: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the

results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.  Moreover, unlike federal practice, billing records need not be introduced to recover attorneys' fees under Texas law.  *See Air Routing Int'l Corp. (Canada) v. Britannia Airways, Ltd.*, 150 S.W.3d 682, 692 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (citing authorities).

**2.     Costs**

There is a strong presumption under Federal Rule of Civil Procedure 54(d)(1) that the prevailing party will be awarded costs.  *Cheatam v. Allstate Ins. Co.*, 465 F.3d 578, 2006 WL 2686755, at *7 (5th Cir. 2006); *Pacheco v. Mineta*, 448 F.3d 783, 793-94 (5th Cir. 2006), *cert. denied*, — S. Ct. — (2006).  Rule 54(d)(1) provides: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." FED. R. CIV. P. 54(d)(1).  Title 28 U.S.C. § 1920 defines "costs" as used in Rule 54(d)(1).  *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-45 (1987); *Tyler v. Union Oil Co. of California*, 304 F.3d 379, 404-05 n.16 (5th Cir. 2002).  Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1)     Fees of the clerk and marshal;
> (2)     Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3)     Fees and disbursements for printing and witnesses;
> (4)     Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5)     Docket fees under section 1923 of this title;

5

(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

A district may only tax costs enumerated in section 1920, although it may decline to award such costs. *See Crawford Fitting*, 482 U.S. at 442-43; *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993); *cert. denied*, 510 U.S. 1195 (1994); *Jensen v. Lawler*, 338 F. Supp. 2d 739, 744 (S.D. Tex. 2004).

**ANALYSIS**

The plaintiff does not dispute that the present motion is timely. The plaintiff does dispute whether there was timely notice of Hruska's intention to seek attorneys' fees and the reasonableness of the requested fees. Because this court's jurisdiction was premised on the diverse citizenship of the parties,[6] the court will look to Texas state law in determining the merits of the fee request.

**3.     Attorneys' Fees under the Texas Theft Liability Act**

Hruska premises her claim for attorneys' fees on the TTLA. The TTLA provides that "Each person who prevails in a suit under this chapter shall be awarded court costs and reasonable and necessary attorney's fees." TEX. CIV. PRAC. & REM. CODE ANN. § 134.005(b) (Vernon 2005). Hruska argues that she is a prevailing party under the TTLA; that the TTLA claim was intertwined and inseparable from the other four claims brought against her, making the fees expended defending all five causes of action recoverable; and that her attorneys' fees are reasonable and necessary.

---

[6]     Rx.com is a Delaware corporation with its principal place of business in Texas; Hruska resides in Michigan. *See* Dkt. 1 (Notice of Removal).

### a.    The Provisions of the TTLA

Rx.com objects to Hruska's reliance on the TTLA, arguing she has suffered no damages and can therefore find no relief under its provisions. Rx.com argues only "a person who has sustained damages" can invoke section 134.005. The language cited by Rx.com comes from subpart (a), dealing with damages due to theft. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 134.005(a) (Vernon 2005). Rx.com's suggestion that one must suffer damages due to theft under subpart (a) in order to recover attorneys' fees under subpart (b) simply conflates the two provisions. The language of the statute declares that each person who prevails in a suit under the Act shall be awarded court costs and reasonable and necessary attorneys' fees. Clearly, a defendant can be a prevailing party under the TTLA. And a defendant who was accused of theft but not found liable would obviously suffer no damages due to theft, but would still be the prevailing party. *See, e.g., Air Routing Int'l Corp. (Canada) v. Britannia Airways, Ltd.*, 150 S.W.3d 682, 684 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (noting that the TTLA has a unique provision compelling the award of reasonable and necessary attorneys' fees to a party that successfully defends against a claim under that Act); *Farnsworth v. Deaver*, 147 S.W.3d 662, 667 (Tex. App.—Amarillo 2004, no pet.). As such, a defendant would be entitled to attorneys' fees under subpart (b), without having suffered any damages due to theft under subpart (a). *See, e.g., Johns v. Ram-Forwarding, Inc.*, 29 S.W.3d 635, 637-38 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (holding the TTLA entitles a defendant to recover reasonable and necessary attorneys' fees in successfully defending against a TTLA claim even if the defendant does not recover any actual damages). Thus, although Hruska has suffered no damages due to theft, she has successfully defended a claim brought against her under the TTLA, and therefore may recover her reasonable and necessary attorneys' fees.

###### b.       "Inextricably Intertwined" Exception to the Attorneys' Fees Segregation Rule

With the exception of appellate fees, Rx.com does not specifically challenge the amount of fees charged by Hruska's attorneys, or the amount of time spent on defending the claims against the defendant.  Rx.com's primary objection to the reasonableness of Hruska's claimed fees is that the five causes of action are separable and therefore Hruska must segregate her attorneys' fees.[7]  Hruska contends her right to recover attorneys' fees for successfully defending the TTLA claim also entitles her to recoup her attorneys' fees expended in defending against the four other claims brought by Rx.com.

Generally, attorneys' fees must be segregated among those causes of action that allow recovery from those that do not.  *See, e.g., A.G. Edwards & Sons, Inc. v. Beyer*, 170 S.W.3d 684, 695 (Tex. App.—El Paso 2005, pet. filed) ("As a general rule, a party seeking attorney's fees must show that the fees were incurred on a claim that allows recovery of such fees, and thus is ordinarily required to segregate fees incurred on claims allowing recovery of fees from those that do not"); *Natural Gas Clearinghouse v. Midgard Energy Co.*, 113 S.W.3d 400, 416 (Tex. App.—Amarillo 2003, pet. denied).   An exception exists, however, if the causes of action are "inextricably intertwined."   Under this exception, "if a party proves that the claims arise out of the same transaction and are so interrelated that their prosecution or defense entails proof or denial of essentially the same facts, then the fees are deemed to be 'intertwined to the point of being inseparable,' and the party seeking attorney's fees may recover the entire amount of fees covering all claims."  *Air Routing*, 150 S.W.3d at 693 (citing *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 11-12 (Tex. 1991)); *see also A.G. Edwards & Sons*, 170 S.W.3d at 695 ("When causes of action

---

[7]       *See* Dkt. 82.

involved in a suit are dependent upon the same set of facts or circumstances and thus are intertwined to the point of being inseparable, the party suing for attorney's fees may recover the entire amount covering all claims").

The core factual allegation in this action is simple and straight-forward.  As described by Rx.com in its motion for summary judgment, this dispute was "about a former Rx.com officer-employee's admitted unauthorized disclosure and use of Rx.com confidential documents and medical/prescription drug information in violation of (a) her Confidential Agreement . . . with Rx.com, (b) her common law duties to Rx.com, and (c) a statutory duty not to steal Rx.com's property."[8] Rx.com contends, however, that "just because Rx.com packaged its five causes of action in a single digestible theory does not mean that its causes of action are inseparable."[9]

The court is persuaded that all of Rx.com's causes of action were in fact rooted in the same "transaction" and that Hruska's defense involved the denial of the same set of facts for each claim. Thus, the five causes of action were intertwined, not merely in the sense of being presented in a single, digestible package, but because the factual basis of the TTLA claim was nearly identical to Rx.com's others claims.  *Cf. A.G. Edwards & Sons*, 170 S.W.3d at 695 (factual basis for contract claim was inseparably intertwined with tort claims).

A review of the five causes of action shows this.  In Rx.com's original petition, it summarized its claims this way:

> "Steward-Hruska . . . is flagrantly and openly violating the terms of her Confidentiality Agreement . . . with the Company.  Rx.com has recently learned that Steward-Hruska has taken confidential Rx.com documents upon her departure

---

[8]     Dkt. 51, p. 1.

[9]     Dkt. 82, p. 8.

from the Company, she has kept them in her possession, and she has failed to return them to Rx.com.  Additionally, Steward-Hruska has improperly and voluntarily disclosed confidential and proprietary Company information to third party defendants in an antitrust case brought by Rx.com."[10]

In count one, alleging breach of contract, Rx.com stated that Hruska violated the confidentiality agreement by, among other things, "failing to return confidential and proprietary information to the Company following her separation from employment with Rx.com."[11]  In count two, Rx.com accused Hruska of misappropriating its confidential and trade secret information.[12]  In count three, Rx.com alleged that Hruska breached her fiduciary duty to Rx.com by not maintaining the confidentiality of its proprietary information.[13]  Count four of the petition alleges conversion; specifically that "Steward-Hruska took possession of Plaintiff's proprietary and confidential information and unlawfully and without authority assumed dominion and control over its property inconsistent with Rx.com's rights in this property."[14]

In count five of its original petition, headed "Texas Theft Liability Act," Rx.com declared the following:

40.    Rx.com incorporates by reference the allegations in Petition paragraphs 1-39.
41.    Rx.com had a possessory right to the proprietary and confidential information described in this Petition.  The confidential and proprietary information belonged to and was created by Rx.com; therefore, the Company is entitled to possession of its property.
42.    Steward-Hruska unlawfully appropriated Rx.com's property by taking it without the Company's actual or effective consent.  Moreover, she

---

[10]    Dkt. 1, Ex. 1 (Original Petition).

[11]    Dkt. 1, Ex. 1, ¶ 20.

[12]    *See* Dkt. 1, Ex. 1, ¶¶ 23-29.

[13]    *See* Dkt. 1, Ex. 1, ¶¶ 30-33.

[14]    *See* Dkt. 1, Ex. 1, ¶ 36.

appropriated the Company's confidential and proprietary property with the intent of depriving Rx.com of its property.

43.     Rx.com has been, and continues to be, damaged in its business and property. The Company is entitled to all damages caused by Steward-Hruska's theft of its property.

44.     As a result of Steward-Hruska's theft of Plaintiff's property, she is liable to Rx.com under the Texas Theft Liability Act, TEX. CIV. PRAC. & REM. CODE § 134.001 and Chapter 31 of the Texas Penal Code.  To the extent that her husband Larry has taken Confidential Information, and otherwise disclosed it, he too should be restrained immediately and subjected to injunctive relief.[15]

A comparison of this final allegation with the prior ones makes clear that all of Rx.com's claims arose from the same "transaction" and that Hruska's defense entailed the denial of the same facts.  Accordingly, the causes of action were "inextricably intertwined" and Hruska may recover the necessary and reasonable attorneys' fees expended in defending against all claims brought against her by Rx.com.

**4.     Third Party Reimbursement of Attorneys' Fees**

Rx.com acknowledges that a third party's funding of attorneys' fees is a not basis for objecting to the awarding of attorneys' fees.  *See, e.g., Ward v. Kelly*, 515 F.2d 908, 912 n.11 (5th Cir. 1975); *Thompson v. Madison County Bd. of Educ.*, 496 F.2d 682, 689 (5th Cir. 1974); *Fairley v. Patterson*, 493 F.2d 598, 606-07 (5th Cir. 1974).  It nevertheless objects to the awarding of attorneys' fees on this very basis.  Rx.com contends that because a third party has paid Hruska's attorneys' fees, she "never incurred or paid a dime of these fees . . . " and is therefore "not entitled to attorneys' fees that she has not incurred or paid."[16]  Rx.com maintains that an award of attorneys' fees under such a scenario amounts to unjust enrichment.  Given the acknowledgment that a third

---

[15]     Dkt. 1, Ex. 1 (Original Petition).

[16]     Dkt. 89, p. 2.

party's payment of attorneys' fees is not a basis for objecting to those fees, Rx.com's reliance on this argument is more curious than convincing.  Rx.com attempts to distinguish the rule by arguing that "special circumstances would render such an award unjust."  *Ward*, 515 F.2d at 912.  But the "special circumstances" it points to is only that a third party paid Hruska's attorneys' fees.

**5.      Procedural and Equitable Bar to Recovery**

Rx.com also maintains that Hruska is procedurally and equitably barred from recovering attorneys' fees.  Rx.com contends Hruska is procedurally barred because she failed to timely notify Rx.com of her intention to seek attorneys' fees under the TTLA.  It asserts she is equitably barred because she failed to respond to discovery requests about her attorneys' fees.  Both arguments are unpersuasive.

A failure to plead a claim for attorneys' fee constitutes waiver if "there is no *right* to attorney's fees inherent in the claim upon which the request for such fees is predicated."  *Wilson v. William Hall Chevrolet, Inc.*, 871 F. Supp. 279, 283 (S.D. Miss. 1994), *aff'd in part and rev'd in part*, 77 F.3d 479 (5th Cir. 1996) (emphasis in original).  In this case, attorneys' fees "are inherently permitted under the plain language of the [TTLA]."  *Alcatel USA, Inc. v. Cisco Sys., Inc.*, 239 F. Supp. 2d 660, 673 n.12 (E.D. Tex. 2002).  Rx.com relies on the general proposition of *United Industries, Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 765 (5th Cir. 1996), that a party must "put its adversaries on notice that attorneys' fees are at issue in a timely fashion or waive that claim."  That case is inapposite.  First, the plaintiff in that case did not assert a claim for attorneys' fees until more than a year after final judgment.  *Id*. at 764.  More significantly, Hruska had no obligation to give notice that she would seek attorneys' fees under the TTLA because they are inherently permitted under the plain language of the TTLA.  And making this objection even less meaningful is that it was

12

Rx.com that brought the TTLA claim in the first place.  Counsel for Rx.com should have been aware at that time that attorneys' fees are recoverable as a matter of course to the prevailing party under the TTLA.  Hruska's counsel was under no obligation to point out to Rx.com a basic aspect of the TTLA.

Turning next to Rx.com's contention that Hruska is equitably barred from claiming attorneys' fees, Rx.com offers somewhat disjointed arguments.  One of the first is that Hruska is equitably barred because she refused to respond to discovery requests about her attorneys' fees.  Hruska emphasizes that Rx.com never propounded any discovery requests upon Hruska during this lawsuit. Rx.com does not refute this; instead it responds by attempting to shift the burden on Hruska: "Rx.com was under no obligation to do so [propound discovery]" because it had no notice she intended to seek attorneys' fees.[17]  This is simply a slight offshoot of its original notice argument which the court has already rejected.

Rx.com also suggests that Hruska was misleading in her deposition about who was paying her legal fees.  For the second time in this litigation, the court finds Rx.com's interpretation of Hruska's deposition testimony strained at best.[18]  Moreover, this lack of notice argument is not compelling because Rx.com suspected from the filing of its original petition that one of the PBMs

---

[17]    *See* Dkt. 89, p. 2.

[18]    Rather than misrepresenting who was paying for her defense as Rx.com suggests, Hruska merely qualified her statements on the subject.  She declared that "I do not know for sure who all is paying for my lawyer.  I assume that it is one or all three of the defendants in the lawsuit [in the Eastern District of Texas], but I do not know if it's all three.  I do not know if it's just Caremark.  I do not know if it's Express Scripts and Caremark.  I do not know what the combination is."  Dkt. 87, Ex. A, p. 84.  When asked shortly thereafter who was paying her current lawyers, Hruska stated, "I do not know specifically.  It's one or all or three of the – defendants [the PBMs]."  Dkt. 87, Ex. A, p. 85.

was paying for Hruska's defense, stating at that time that "the evidence also reveals that Caremark may have arranged to pay for Steward-Hruska to retain a lawyer to defend her at her deposition."[19]

But the most eye-catching argument Rx.com puts forward is that if it had been able to verify that the defendants in the antitrust lawsuit were paying Hruska's attorneys' fees, "Rx.com may have elected to drop its TTLA claim" against her.[20]  This is a curious assertion.  It seems to be an inadvertent admission that Rx.com realized this claim had little chance of succeeding on the merits, and that it would have rethought bringing it if it knew that Hruska would have adequate resources to defend against it.  This is essentially a complaint that it was denied the opportunity to recalculate an improper calculus.  Far from being any sort of equitable argument against Hruska recovering her attorneys' fees, it actually demonstrates why it is proper to shift the burden of paying Hruska's attorneys' fees to Rx.com.

**6.    Appellate Fees**

Rx.com further argues that Hruska has not shown that she is entitled to any fees that may be expended upon an appeal premised on the TTLA.  Under Texas law, an award of attorneys' fees may include fees for appeals, as long as a trial court awards attorneys' fees to an appellee contingent upon an appellant's unsuccessful appeal.  *See See Tully v. Citibank (South Dakota), N.A.*, 173 S.W.3d 212, 219 (Tex. App.—Texarkana 2005, no pet.); *Houston Livestock Show & Rodeo, Inc. v. Hamrick*, 125 S.W.3d 555, 586 (Tex. App.—Austin 2003, no pet.); *Neal v. SMC Corp.*, 99 S.W.3d 813, 818 (Tex. App.—Dallas 2003, no pet.).  Rx.com has not cited, nor has the court found, any authority suggesting that appellate fees are not available with awards predicated on the TTLA.  Accordingly, the court

---

[19]    Dkt. 1. Ex. 1, p. 8.

[20]    Dkt. 82, p. 6.

will conditionally grant Hruska's request of $70,000.00 to litigate an appeal to the Fifth Circuit, and $52,500.00 for an appeal to the United States Supreme Court.  If Rx.com is successful on appeal, the award of appellate fees is vacated.

**7.     Bill of Costs**

Originally seeking costs totaling $3,947.03, Hruska has subsequently reduced the request to $2,868.45.  This was in response to the plaintiff's valid objection to outlays associated with videotaped and DVD depositions.  *See, e.g., Mota v. University of Texas Houston Health Sci. Ctr.*, 261 F.3d 512, 529-30 (5th Cir. 2001) (section 1920(2) only allows for the recovery of fees of all or any part of the stenographic transcript necessarily obtained for use in the case; there is no provision for videotapes of depositions); *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998) (same).

The plaintiff's remaining objections are with Hruska's claimed copying costs ($93.91) and the expenses resulting from the expedited transcript of Joseph Rosson's deposition ($2,414.15). With respect with the first, Rx.com maintains that Hruska has not sufficiently itemized or identified her purported copying costs or otherwise sufficiently documented the copying costs to allow the court to assess whether the items are allowed under 28 U.S.C. § 1920.  Hruska has supplemented her bill of costs with regard to these copying expenses, but other than identifying them as "Lighthouse Legal Copy," it is still not entirely clear what the copies were or whether they were necessary.[21] Accordingly, the court will reduce Hruska's bill of costs by $93.91.

Turning next to the deposition costs, Rx.com objects to the premium incurred for ordering Rosson's deposition on an expedited basis.  The extra costs of obtaining a trial or deposition

---

[21]     *See* Dkt. 84.

transcript on an expedited basis is not taxable unless prior court approval has been obtained or "the special character of the litigation necessitates expedited receipt of the transcript." *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991).

Hruska maintains that it was necessary to order an expedited copy of Rosson's transcript because of the close proximity between Rosson's deposition and the date the parties' motions for summary judgment were due.  Dispositive motions were due by June 10, 2006.[22]  The defendant filed her motion for summary judgment on June 9, 2006.[23]  The deposition of Rosson was taken either on May 22 or 24, 2006.[24]  It appears that Hruska ordered a copy of this deposition on May 26, 2006.[25]

While it is not certain when Hruska first requested to depose Rosson, the plaintiff did ask that it be pushed back until May 22nd or 23rd.[26]  If this was earliest time the plaintiff made Rosson available, then this does suggest that an expedited transcript was required for preparing Hruska's summary judgment motion.  Rx.com has made no clarification that Rosson was available at an earlier date.  In *Datapoint Corp. v. Picturetel Corp.*, 1998 WL 401630, at *3 (N.D. Tex. 1998), the court allowed for the recovery of expedited deposition transcript fees where there was similarly tight scheduling.  The court is also persuaded, absent any evidence that Rosson's deposition could have been taken earlier, that reimbursing the costs of the expedited transcript is warranted.  Rosson is certainly a central figure in this litigation and is the primary moving force behind Rx.com.  Hruska

---

[22]     *See* Dkt. 41.

[23]     *See* Dkt. 54.

[24]     *See* Dkt. 79, Ex. A; Dkt. 84, Ex. B. (there is a minor discrepancy in the dates in the record but it is not material here).

[25]     *See* Dkt. 84, Ex. A.

[26]     *See* Dkt. 84, Ex. B.

could not have adequately prepared her summary judgment motion against Rx.com's claims without the deposition of Rosson.  Rx.com's objection to these costs is overruled.  Therefore, the court finds that Hruska is entitled to be reimbursed for $2,774.54 in total costs.

CONCLUSION

Accordingly, defendant Cathy Steward Hruska's motion for costs and her motion for attorneys' fees are both GRANTED in part.  Hruska shall be reimbursed in the amount of $2,774.54 for her costs and $201,883.00 for attorneys' fees.  In addition, should Rx.com's appeal to the Fifth Circuit be unsuccessful, Hruska shall be awarded another $70,000.00.  She shall be entitled to another $52,500.00 in attorneys' fees if there is an unsuccessful appeal to the United States Supreme Court.

Signed on November 13, 2006, at Houston, Texas.

_____
Gray H. Miller
United States District Judge